COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Baker
Argued at Richmond, Virginia


COMPREHENSIVE SERVICES ACT OFFICE
 OF THE CITY OF RICHMOND
                                    MEMORANDUM OPINION* BY
v.    Record No. 1620-98-2          JUDGE RICHARD S. BRAY
                                         AUGUST 3, 1999
J. M.[1]


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Melvin R. Hughes, Jr., Judge

            Alexandra Silva, Assistant City Attorney
            (Keith A. May, Assistant City Attorney, on
            brief), for appellant.

            Linda Mallory Berry; Adrienne E. Volenik,
            Guardian ad litem (Elizabeth L. Fowler,
            Certified Third-Year Student; Office of the
            Public Defender; Mental Disabilities Law
            Clinic, T.C. Williams School of Law, on
            brief), for appellee.


     The Comprehensive Services Act Office (CSA) appeals the

decision of the trial court ordering it to "immediately pursue

and locate residential placement for [J.M.] . . . . funded by the

[CSA] pursuant to [Code §] 2.1-757(E)."  CSA contends that (1)

the trial court erroneously denied a hearing de novo on appeal

from the juvenile and domestic relations district court (J&DR),

(2) the J&DR acted without jurisdiction and all attendant orders

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

     [1] The appellee in this case shall be referred to as "J.M."

are "void and without effect," (3) the order improperly required CSA funding for services to J.M. contrary to the applicable Individualized Educational Program (IEP), and (4) the court unreasonably infringed on the legislative branch in violation of the separation of powers.[2] We find that the CSA was entitled to an evidentiary hearing and, therefore, reverse the disputed order, and remand the proceedings to the circuit court for further reconsideration in accordance with this opinion.[3]

On May 13, 1997, the guardian ad litem (GAL) for J.M. lodged a petition with the J&DR alleging that J.M., then age 17, was "a child in need of supervision, subject to compulsory attendance in that he is habitually truant from school without justification despite reasonable efforts to effect his regular attendance." On May 15, 1997, the J&DR found J.M. "in need of supervision," and referred the matter to a family assessment and planning team (FAPT) to evaluate the child's service needs pursuant to Code § 16.1-278.5.[4] The J&DR thereafter conducted several hearings in a continuing review and consideration of the

[2] At oral argument, the CSA abandoned its contention on brief that J.M., age 18 on June 4, 1997, was no longer a "child" eligible for services in the instant cause.

[3] Because we are unwilling to anticipate the result of a proper hearing of the instant cause before the trial court, we decline to address the remaining arguments of the CSA on appeal.

[4] The CSA Office is the Richmond government agency that oversees family assessment and planning teams to evaluate children in need of supervision.

-

petition and, on February 3, 1998, ordered residential placement for J.M., funded by the CSA pursuant to Code § 2.1-757(E).[5]  See Fauquier County Dep't of Soc. Servs. v. Robinson, 20 Va. App. 142, 146-47, 455 S.E.2d 734, 736 (1995).  The CSA Office appealed the order to the trial court in accordance with Code § 16.1-278(A).  In a subsequent pretrial motion, J.M. and the GAL urged the trial court to limit the appeal to consideration of the J&DR's authority to order "the CSA to pursue, locate, and fund a residential placement for [J.M.] . . ., in that he is currently 18 years of age and his Individual Education Plan (IEP) does not specify residential services."  The court granted the motion and refused to allow the CSA to introduce evidence, thereby denying the CSA a de novo evidentiary hearing on any issue then on appeal.

Following argument on the restricted legal issue, the court concluded that the CSA "was not a party to the . . . juvenile

---

[5] Code § 2.1-757(E) directs that,

> [i]n any matter properly before a court wherein the family assessment and planning team has recommended a level of treatment and services needed by the child and family, the court shall consider the recommendations of the family assessment and planning team. However, the court may make such other disposition as is authorized or required by law, and services ordered pursuant to such disposition shall qualify for funding under this section.

-

court proceedings," had a limited right of appeal pursuant to Code § 16.1-278(A), and ordered it to immediately pursue, locate and fund a residential placement for J.M., consistent with the original J&DR order.  The CSA Office appeals to this Court, complaining first that the court erroneously refused to entertain a de novo appeal.  In response, J.M. argues, inter alia, that the CSA's appeal was limited by Code § 16.1-278 to "what the court specifically ordered with respect to that agency."

Pursuant to Code § 16.1-278(A), a "judge may order, after notice and opportunity to be heard, . . . any governmental agency . . . to render only such information, assistance, services and cooperation as may be provided for by state or federal law or an ordinance of any city, county or town."  The agency "may appeal such order to the circuit court in accordance with Code § 16.1-296."  Code § 16.1-278(A) (emphasis added).  In considering the issues properly before the court on appeal, the "proceedings . . . shall conform to the equity practice where evidence is heard ore tenus."  Code § 16.1-296(F).  Additionally, "[t]he circuit court may affirm or reverse the order of the juvenile court.  Upon reversal, the circuit court may remand the case to the [J&DR] for an alternative disposition."  Code § 16.1-278(A).

Code § 16.1-278 afforded the CSA an appeal to the circuit court for review of the disposition component of the J&DR order,

-

which required the CSA to provide residential placement for J.M. The statute confers the circuit court with authority to either affirm or reverse such order on appeal, after hearing evidence ore tenus in accordance with Code § 16.1-296(F). Thus, in adjudicating the instant appeal, the CSA was entitled to an evidentiary hearing on the J&DR's order to the CSA affecting the residential placement. When the trial court refused to hear and consider evidence pertinent to the disposition component of the J&DR order, the CSA was denied its statutory remedy.

The CSA also contends that the J&DR was without jurisdiction over the matter because the GAL failed to comply with the intake procedure prescribed by Code § 16.1-260. However, when acting upon a petition, a "[f]ailure to comply with the procedures set forth in this section shall not divest the juvenile court of jurisdiction granted it in § 16.1-241."[6] Code § 16.1-260(I); cf. Rader v. Montgomery County Dep't of Soc. Servs., 5 Va. App. 523, 527, 365 S.E.2d 234, 236 (1988) (Code § 16.1-260(I), formerly Code § 16.1-260(F), does not waive requirement of the filing of the petition). Here, the J&DR acted on a petition of the GAL filed with the court and, therefore, exercised jurisdiction over the proceedings, notwithstanding any latent procedural defect.

---

[6] Code § 16.1-241 confers jurisdiction to the J&DR over all proceedings involving the disposition of a child who is alleged to be in need of supervision.

-

Accordingly, we reverse the disputed order and remand the cause to the trial court for a limited hearing and adjudication, consistent with Code § 16.1-278 and this opinion, if the CSA be so advised.

Reversed and remanded.